J-A13007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID J. MCCLELLAND | |
| Appellant | No. 1776 WDA 2013 |

Appeal from the Judgment of Sentence June 6, 2013
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001884-2011

BEFORE: PANELLA, J., SHOGAN, J., and OTT, J.

CONCURRING AND DISSENTING MEMORANDUM BY OTT, J.:

**FILED: September 21, 2015**

I must respectfully dissent from the majority decision with respect to the conviction of conspiracy to commit second-degree murder. As will be discussed infra, I agree with the majority that there was sufficient testimony and evidence presented that McClelland conspired with his father to burglarize the neighbor's home, but there was no evidence presented that McClelland conspired with his father to kill the neighbor. Accordingly, I agree with McClelland that there is insufficient evidence to support the conviction on that count.

Second-degree murder is defined as a homicide "committed when the defendant was engaged as a principal or accomplice in the perpetration of a felony."[1]  18 Pa.C.S. § 2052(b).

The statutory definition of conspiracy is:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or person in the planning or commission of such crime or attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a)(1),(2).

Additionally,

No person may be convicted of conspiracy to commit a crime unless an overt act in pursuant of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S. § 903(e).

Here, "such crime" is second-degree murder.  As noted above, second-degree murder contains three elements: (1) it must be committed by a principal or accomplice; (2) there must be a homicide, either intended or

_____

[1] Section 2052(d) specifically lists burglary as one of the underlying felonies that support the charge of second-degree murder.

not; and (3) the homicide must have been committed during the perpetration of a specifically listed felony. Therefore, to be guilty of conspiracy to commit a second-degree murder, one must have agreed to engage or aid in the conduct that constitutes second-degree murder, and an overt act to complete the crime must have occurred. There is no evidence of record indicating McClelland ever agreed with his Father to kill the neighbor. Accordingly, under the instant factual scenario, there is insufficient evidence to support the conviction for conspiracy to commit second-degree murder.

The evidence presented in this matter did allow the jury to convict McClelland of second-degree murder.

Evidence of record demonstrated that Father entered the neighbor's home through the basement window. There was testimony Father was physically incapable of accomplishing such an entry on his own. Additionally, a neighbor testified that an individual that could have been McClelland was seen leaving the neighbor's home, carrying a bag, at the approximate time of the March 2011 burglary. Accepting these facts, even though there was no physical evidence that McClelland was in the neighbor's residence that day, the jury would be allowed to infer that McClelland acted as his Father's accomplice, aiding his Father's entry into the neighbor's home on the day she was stabbed to death.

There was also evidence presented allowing the jury to find McClelland conspired with his Father to commit several of the burglaries, including the ultimate, fatal crime. In this regard, the trial court correctly noted:

> Due to the repetitive nature of the larcenous activity over an extended period of time, [McClellan] was aware that the money was being acquired through the multiple and regular invasions into the home of [victim]. A conspiracy "may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirator sufficiently prove the formation of a criminal confederation." **Commonwealth v. McCoy**, 69 A.3d 658, 7664 (Pa. Super. 2013).

Trial Court Opinion, 4/29/2014, at 8.

As a conspirator, one is responsible for the natural and probable consequences of the object of the conspiracy. Father had committed at least three other burglaries beginning in June, 2010,[2] 13 months prior to the fatal burglary. Under the specific facts in this matter, confrontation with the neighbor was a risk of the burglary, but her murder was not necessarily a natural and probable consequence of the burglary. However, whether the homicide was a natural and probable consequence of the burglary is immaterial as the murder was committed during the perpetration of the burglary. This fact is sufficient to sustain the conviction for second-degree murder.

_____

[2] It is possible the burglaries began as early as August 2009. Neighbor reported a burglary to the police, but the police could find no evidence of a break-in.

As noted above, the relevant statutory definitions of conspiracy and second-degree murder render it logically impossible to conspire to commit a second-degree murder when the homicide is an unintended consequence of the underlying felony. In this, I am guided by the dissenting opinions of Judges John M. Cleland and Richard B. Klein in ***Commonwealth v. Marquez***, 980 A.2d 145 ([pa. Super. 2009 (*en banc*). Judge Cleland cogently noted:

> Proving the existence of an agreement, however, does not prove the existence of a conspiracy. "Conspiracy" is not synonymous with "agreement." Not all agreements constitute the crime of conspiracy. To prove the crime of conspiracy the Commonwealth must also prove the purpose of the agreement was to commit a specific crime.

***Com. v. Marquez***, 980 A.2d 145, 154 (Pa.Super.,2009)

> Judge Klein added,

> However, a defendant may not be found guilty of homicide simply because it appears some kind of confrontation was about to take place and another participant, without knowledge, request, or encouragement of the defendant, radically alters the nature of incident by a using deadly weapon that the defendant did not know the participant had. ***See Commonwealth v. Menginie****, 477 Pa. 156, 383 A.2d 870, 873 (1978).* Our Court has stated that a defendant may not be liable as a co-conspirator when he or she "had no expectation that a minor scuffle would unexpectedly explode into murder." [***Commonwealth v.***] ***Johnson***, 791 A.2d [778] at 786 [(Pa. Super. 1998) (*en banc*)].

***Id****.* at 151.[3]

_____

[3] I am aware ***Marquez*** addressed third-degree murder, not second. Nonetheless, the logic in ***Marquez*** remains relevant herein.

Simply put, one cannot agree to participate in an unintended action.[4]

I believe there may be some confusion over this concept because as a conspirator, one is generally responsible for the natural and probable consequences of the object of the conspiracy. However, the definition of second-degree murder includes the concept of shared culpability that is also expressed in conspiracy. Accordingly, it is unnecessary and improper to charge a person with conspiracy to commit second-degree murder, because all the elements of the conspiracy are included in the definition of the second-degree murder itself.

Finally, I note there is an axiom of law that holds while not all accomplices are necessarily co-conspirators, all co-conspirators are necessarily accomplices. The statutory definition of an accomplice is:

> A person is an accomplice of another person in the commission of an offense if:
>
> > (1) with the intent of promoting or facilitating the commission of the offense, he:
> >
> > > (i) solicits such other person to commit it; or

_____

[4] In **Commonwealth v. Wayne**, 720 A.2d 456 (Pa. 1998), our Supreme Court determined that one could not be guilty *via* conspiracy of first-degree murder where that murder was not the object of the conspiracy. While one is generally responsible for the natural and probable consequence of a conspiracy, first-degree murder requires a specific intent to kill. If the conspiracy does not include the murder, one cannot possess that specific intent.

(ii) aids or agrees or attempts to aid such other person in planning or committing it.

18 Pa.C.S. § 306(c)(1)(i),(ii).

One is not required to have agreed to plan or commit the crime to be an accomplice. That requirement applies to a conspiracy. All the remaining elements of being an accomplice are found in the definition of conspiracy. Accordingly, conspiring to commit a burglary, one of the underlying felonies to commit second-degree murder, necessarily makes one an accomplice to that crime. Therefore, if an unintended murder is committed during the perpetration of the burglary, as happened instantly, one has committed second-degree murder, but not the separate crime of conspiracy to commit second-degree murder.[5]

In light of the above analysis, I believe the only factual scenario in which it would be proper to separately charge a person with conspiracy to commit second-degree murder is when the conspiracy encompasses both the underlying felony and the homicide. The Commonwealth would be required to prove the agreement to commit both the felony and the homicide. That situation is not instantly present. Because the Commonwealth did not present any evidence that McClelland conspired to kill the victim, I believe there was insufficient evidence to sustain his

_____

[5] In this scenario, the defendant would be guilty of conspiracy to commit burglary and second-degree murder.

conviction on the charge of conspiracy to commit second-degree murder, but all other convictions should be affirmed.[6]

_____

[6] I am aware that this would have no practical effect on McClelland's sentence, as he is serving a mandatory life sentence for second-degree murder, and the conspiracy sentence runs concurrently.